UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BBC CHARTERING & LOGISITIC, GmbH & CO., <br><br> Plaintiff, <br><br> v. <br><br> VESTAS AMERICAN WIND TECHNOLOGY, INC. <br><br> Defendant. | CASE NO. C09-5121 RBL <br><br> ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PURSUANT TO FORUM SELECTION CLAUSE |

Before the Court is Defendant's Motion to Dismiss a maritime case about damage to and loss of cargo that was being transported by Plaintiff BBC Chartering & Logistic GmBH & Co. [Dkt. #15]. For the reasons stated below, Defendant's Motion to Dismiss is GRANTED.

**FACTS AND PROCEDURE**

The facts of this case do not appear to be disputed. On or about November 12, 2007, Defendant Vestas American Wind Technology, the consignee, entered into a contract with Plaintiff BBC Chartering & Logistic GmbH & Co., the carrier, to transport wind turbine towers from Vietnam to Vancouver, Washington. Plaintiff has submitted two Bills of Lading as evidence of the contract of carriage. [Complaint, Ex. 1, Dkt. #1]. Both Bills of Lading contain a choice of law provision and a forum selection clause which provide: "Disputes arising out of or in connection with this Bill of Lading shall be exclusively determined by the courts and in accordance with the law of the place where the Carrier has his principal place of business, as

stated on Page 1, except as otherwise provided elsewhere herein." [Def.'s Mot. Dismiss; Ex. 1 at ¶4, Dkt. # 15]. Page 1 of both Bills of Lading lists the "Carrier's name/principal place of business" as "BBC Chartering & Logistic CmBH & Co. KG; Hafenstrasse 12; 26789 Leer." [*Id.*, Ex. 1 at 1]. Leer is located in Germany.

On or about November 12, 2007, the cargo was shipped out of Phu My, Vietnam aboard the vessel *Marinus Green*. Some of the cargo was stowed on deck. On or about December 3, 2007, prior to crossing the Columbia River Bar, located off the coast of Washington State, some cargo that was stowed on deck was lost over the side of the vessel. Other cargo on board was damaged.

This declaratory judgment action arises from Vestas' claim for damages resulting from the loss and damage to the on-deck cargo. On March 6, 2009, BBC, ignoring its contractual promise to litigate any "disputes arising . . . exclusively" in the courts of Leer, Germany, filed a Complaint for Declaratory Judgment as to the application of the United States' Carriage of Goods by Sea Act, 26 U.S.C. §30701 *et seq.* (hereinafter "COGSA"). [Complaint, Dkt. #1]. Plaintiff seeks declaratory judgment as to the following: (1) This Court has personal and subject matter jurisdiction over all of Plaintiff's claims against Defendant for loss or damages to Cargo; (2) The rights, obligations, and defenses of the parties as to the loss or damage to the Cargo are determined by the terms of the Bills of Ladings and COGSA; (3) Any potential liabilities that Plaintiff may have as to the Cargo is limited to $500 per package or customary freight unit; and (4) The Court may grant further relief for Plaintiff that the Court deems just and equitable.

Defendant moved to dismiss the action on May 14, 2009, pursuant to the forum selection clause in the Bills of Lading. [Mot. Dismiss; Dkt. #14].

## **DISCUSSION**

**I. The Forum-Selection Clause Is Not Solely For Plaintiff's Benefit.**

The bill of lading is the basic transportation contract between shipper-consignor and the carrier; its terms and conditions bind the shipper and all connecting carriers. *Southern Pacific Transportation Co. v. Commercial Metals Co.*, 456 U.S. 336, 343 (1982) (quoting *Texas & Pacific Railroad Co. v. Leatherwood*, 250 U.S. 478, 481 (1919)). The purpose of a bill of lading is to effectuate maritime commerce. *Norfolk Southern Railway Co. v. Kirby,* 543 U.S. 14, 27 (2004).

Plaintiff contends that the forum selection clause is solely for its benefit, and Plaintiff has the right

to waive it. A party may unilaterally waive any provision of a contract or statute that is intended for that party's benefit. *Shute v. Thompson,* 82 U.S. 151, 159 (1872). Forum selection clauses, however, generally benefit both parties. In the business of shipping goods across the oceans, ships voyage across the waters of many jurisdictions. *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 14 (1972). Much uncertainty and great inconvenience to both parties could arise if a suit could be maintained in any jurisdiction in which an accident might occur or where the barge might be found. *Id.* In pre-selecting a forum, the parties eliminate such uncertainties. *Id.*

Choice of forum and law provisions are "often a vital part of shipping agreements." *Carnival Cruise Lines, Inc. v. Shute,* 499 U.S. 585, 593-94 (1991). It would be unrealistic to think that the parties did not conduct their negotiations, including fixing the monetary terms, with the consequences of the forum clause figuring prominently in their calculations. *Id.* "Since uncertainty will almost inevitably exist with respect to any contract . . . with substantial contacts in two or more countries, each with its own substantive laws and conflict-of-law[] rules, a contractual provision specifying in advance the forum for litigating disputes and the law to be applied is an almost indispensable precondition to achieving the orderliness and predictability essential to any international business transaction." *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 506-07 (1974).

Such provisions obviate the danger that a contract dispute might be submitted to a forum hostile to the interests of one of the parties or unfamiliar with the problem area involved. *Id.* Additionally, a clause establishing *ex ante* the forum for dispute resolution has the salutary effect of dispelling any confusion about where suits arising from the contract must be brought and defended, sparing litigants the time and expense of pretrial motions to determine the correct forum and conserving judicial resources that otherwise would be devoted to deciding those motions. *Id.*

Sophisticated commercial entities should be able to freely decide by contract the liability regime that is to govern the shipment of goods from a foreign country to their ultimate destination in the United States. *Regal-Beloit Corp. v. Kawasaki Kisen Kaisha Ltd.*, 557 F.3d 985, 1003 (9th Cir. 2009). In cases involving shipping agreements for the transport of goods across the waters of many jurisdictions, a forum selection clause benefits all contracting parties by eliminating uncertainties and promoting the efficient judicious resolution of disputes. The enforceability of contracts not only promotes confidence to engage

in business transactions, but also creates a foundation of trust in an otherwise large and disconnected global community. Allowing Plaintiff to unilaterally waive a forum-selection clause that it chose and contracted for would undermine the business community's trust in the sanctity of the contract.

## II. The Forum-Selection Clause Is Reasonable and Must Be Upheld.

As the Supreme Court counseled in *Bremen*, "in the light of present-day commercial realities and expanding international trade . . . the forum clause should control absent a strong showing that it should be set aside." 407 U.S. at 15 (1972). Since Plaintiff may not unilaterally waive the forum selection clause, Plaintiff must prove it unreasonable to be unenforceable.

A forum selection clause may be unreasonable "(1) if the inclusion of the clause in the agreement was the product of fraud or overreaching; (2) if the party wishing to repudiate the clause would effectively be deprived of his day in court were the clause enforced; [or] (3) if enforcement would contravene a strong public policy of the forum in which suit is brought." *Holland American Line, Inc. v. Wartsila North America, Inc*., 485 F.3d 450, 457 (9th Cir. 2007)(quoting *Murphy v. Schneider National, Inc.*, 362 F.3d 1133, 1140 (9th Cir. 2004)). The party resisting enforcement on policy grounds bears a "heavy burden of proof." *Bremen*, 407 U.S. at 17. The critical inquiry to determining whether a clause violates public policy is whether "the choice-of-forum and choice-of-law clauses operated in tandem as a prospective waiver of a party's right to pursue statutory remedies . . ." *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 637 n.19 (1985).

Where both parties are experienced business corporations dealing routinely in international trade and commerce, it cannot be said, and neither party has suggested, that either contracting party was a victim of fraud or overreaching. BBC has not argued, and the Court has no reason to believe, that BBC effectively would be deprived of its day in court if the clause were enforced. Neither party has offered a convincing reason as to why the forum selection clause is unreasonable, and should not be enforced.

## III. The Forum-Selection Clause Mandates that Disputes Be Exclusively Heard in the Courts of Leer, Germany.

Forum selection clauses have been held to require litigation in a particular court when the language of the clauses clearly require exclusive jurisdiction. *Hunt Wesson Foods, Inc. v. Supreme Oil*

ORDER
Page - 4

*Co.,* 817 F.2d 75, 77 (9th Cir.1987). "A primary rule of interpretation is that '[t]he common or normal meaning of language will be given to the words of a contract unless circumstances show that in a particular case a special meaning should be attached to it.'" *Id.*; *See also* 4 S. Williston, A Treatise on the Law of Contracts § 618 (W. Jaeger 3d ed. 1961)." In the contract at issue, the clause states, "Disputes arising out of or in connection with this Bill of Lading shall be *exclusively* determined by the courts and in accordance with the law [of Germany], except as provided elsewhere herein." [Def.'s Mot.; Ex. 1, Section 4, Dkt. # 15 (emphasis added)]. Nowhere does either Bill of Lading indicate that the forum selection clause is optional. The language is clear. The forum selection clause is mandatory. Any dispute must be litigated exclusively in the courts of Leer, Germany.

## **CONCLUSION**

Forum selection clauses, in contracts for the shipment of goods across the waters of many different jurisdictions, are for the convenience and benefit of both parties. One party, without the consent of the other party, may not unilaterally waive its terms. The forum selection clause at issue requires adjudication of this dispute in Leer, Germany. Therefore, it is hereby ORDERED that Defendant's Motion to Dismiss Pursuant to Forum Selection Clause is GRANTED, and this matter is DISMISSED.


DATED this 23rd day of June, 2009.



RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE